# CIRCUIT COURT OF THE CITY OF NORFOLK

Taylor

v.

Midgett

July 7, 1998

Case Nos. (Chancery) C96-1717, (Law) L96-3605

BY JUDGE CHARLES E. POSTON

These matters are before the court upon the defendant's motion for sanctions against the plaintiff. The court is of the opinion that the motion should be granted.

The motion for judgment filed September 27, 1996, sought damages for conversion of trust funds. An amended motion for judgment was filed on January 1, 1997, and contained essentially identical allegations of misconduct. It was alleged that the defendant's decedent, plaintiff's mother, was trustee of the Norman Berlin Revocable Trust. The trust was created on August 13, 1985, and named the plaintiff and her mother as trustees. On October 15, 1987, the plaintiff resigned as trustee, leaving her mother as the sole trustee.

The plaintiff, on September 30, 1997, also filed a petition in chancery, to surcharge the trustee. The parties are identical to those in the action at law. On December 6, 1996, the court ordered that the action at law and the chancery cause be consolidated for discovery and other pre-trial proceedings.

By order entered August 21, 1997, the court granted the defendant's motion for summary judgment and dismissed both the law action and the chancery cause but retained jurisdiction to determine the defendant's pending motion for sanctions. The plaintiff then noted her appeal to the Supreme Court of Virginia, which denied the appeal because no final order had been entered.

On June 12, 1997, the discovery deposition of the plaintiff was taken. In that deposition, the plaintiff admitted that she had no factual basis for alleging misconduct by her deceased mother at the time she initiated these proceedings. For example, on pages 94 through 97 of the deposition, the plaintiff clearly

admitted that she had nothing to back up the allegations that her deceased mother had acted maliciously with respect to the trust. It is also clear that she had had access to the trust documents, that at some time she had terminated communications with her mother, and that she had made no inquiry about the disposition of the trust funds. Indeed, she did not even know that her own children had received funds from the trust. In her deposition, the plaintiff also admitted that she no longer speaks to her own children. A fair reading of the discovery deposition indicates that the plaintiff filed the suit hoping that during the discovery process she would find sufficient facts to support her allegations. There is no indication in the record, nor does the defendant assert, that counsel for the plaintiff was aware of the plaintiff's lack of knowledge.

The deposition shows that the plaintiff has substantial assets of her own. She is not a person who lacks an understanding of finances and their management.

The court finds that the plaintiff, who reviewed the pleadings before they were filed, had no reason to believe that her allegations were well founded in fact, nor did she indulge in any reasonable inquiry. She was co-trustee for approximately two years and is charged with knowledge of the trust's affairs during that period. She likewise knew that she had ready access to the trust records. Indeed, at the plaintiff's request, the trust had provided all records concerning the trust. The trust even waived the attorney-client privilege so that the plaintiff could speak with the attorney for the trust.

Although not required to do so, the defendant, by letter dated May 15, 1997, urged the plaintiff to dismiss these proceedings. The defendant advised that the plaintiff's claims "lack any basis in fact or law." Nevertheless, the proceedings continued. These proceedings should never have been filed.

The defendant has expended the sum of $48,923.48 defending these proceedings. Because the plaintiff had no basis in fact to support her allegations, she, in fairness, should bear the expenses of this litigation. Pursuant to Virginia Code § 8.01-271.1, the court finds that an appropriate sanction is to require the plaintiff to pay the defendant the sum of $48,923.48.